UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT McGRAW,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PACIFICA ASHWOOD LLC; EQUIFAX, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and CONTEMPORARY INFORMATION CORP.,<br><br>　　　　　　　　　　DefendantS. | Case No.:  3:20-cv-00954-MMA-KSC<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　　Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **August 17, 2020**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　　1.　　Counsel for defendant Pacifica Ashwood LLC shall contact the Chambers of Magistrate Judge Karen S. Crawford **within 5 days** of a ruling on Pacifica Ashwood LLC's pending Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 23) to obtain a date for a further Status Conference.

/ /

1

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **September 18, 2020**.

3. All fact discovery must be completed by all parties by **January 15, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The parties must designate their respective experts in writing by **January 29, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **February 12, 2021**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

5. By **March 12, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of

expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 26, 2021**.

7. All expert discovery must be completed by all parties by **April 16, 2021**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **May 17, 2021**.[1]  Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines.  The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

/ /

---

[1] This deadline is not applicable to pretrial motions *in limine*.  For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

11. A Mandatory Settlement Conference will be conducted on **May 3, 2021** at **9:30 a.m.** in the chambers of Magistrate Judge Karen S. Crawford. Counsel or any party representing himself or herself must submit confidential settlement briefs directly to the magistrate judge's chambers by **April 26, 2021**. All parties are ordered to read and fully comply with the Chambers Rules of the assigned Magistrate Judge.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

15. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: August 19, 2020

Hon. Karen S. Crawford
United States Magistrate Judge