UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT MCGRAW,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICA ASHWOOD LLC, et al.,<br><br>Defendants. | Case No. 20-cv-954-MMA (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PACIFICA ASHWOOD LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 23] |

In his Complaint, Randall Scott McGraw ("Plaintiff") alleges four causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681–1681x; (2) violation of the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code § 1785.1–1785.6; (3) Financial Abuse of Dependent Adult, Cal. Welf. & Inst. Code § 15657.5; and (4) violation of California's unlawful eviction and retaliation laws, Cal. Civ. Code § 1940–1942.5.  *See* Doc. No. 1 ("Compl.").[1]  Defendant Pacifica Ashwood LLC ("Pacifica") moves to dismiss pursuant to Federal Rule of Civil Procedure

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

12(b)(6) on res judicata grounds. *See* Doc. No. 23. Plaintiff filed an opposition to Pacifica's motion, and Pacifica replied. *See* Doc. Nos. 27, 31. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 33. For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Defendant Pacifica's motion.

## I. Background[2]

**A. Prior Proceeding ("*McGraw I*")**

In August 2015, Plaintiff became a tenant at an apartment complex owned by Pacifica. *See* Compl. ¶ 36. After moving into the apartment, Plaintiff requested that Pacifica make repairs to Plaintiff's shower; however, Pacifica did not accommodate that request until December 2018. *See id.* ¶¶ 37–40.

On December 31, 2018, Plaintiff filed an action ("*McGraw I*") in small claims court in the Superior Court of California, County of San Diego. *See id.* ¶ 44; Doc. No. 23-2 at 4–8 (Plaintiff's Claim and Order to Go to Small Claims Court, *McGraw v. Pacifica Ashwood LLC*, No. 37-2018-00067983-SC-SC-CTL (Cal. Super. Ct. Dec. 31, 2018)). The initial complaint concerned Plaintiff's lack of hot water from February 14, 2018, until March 1, 2018, and other shower related issues which appear to have occurred from August 14, 2015, until December 11, 2018. *See* Doc. No. 23-2 at 5.

On July 24, 2019, Plaintiff filed the First Amended Complaint ("FAC") with the small claims court. *See* Doc. No. 23-2 at 10–14 (First Amended Plaintiff's Claim and Order to Go to Small Claims Court, *McGraw v. Pacifica Ashwood LLC*, No. 37-2018-00067983-SC-SC-CTL (Cal. Super. Ct. July 24, 2019)). In addition to the claims asserted in the original complaint, the FAC alleged that Pacifica wrongfully restricted

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

Plaintiff's access to the premises by changing the gate code without notice. *See id.* at 11. According to the FAC, the allegations occurred around August 14, 2015, to July 2019. *See id.* On October 11, 2019, the small claims court entered judgment in Plaintiff's favor. *See* Compl. ¶ 71; Doc. No. 23-2 at 19–20 (Notice of Entry of Judgment, *McGraw v. Pacifica Ashwood LLC*, No. 37-2018-00067983-SC-SC-CTL (Cal. Super. Ct. Oct. 11, 2019)).

**B. Present Proceeding ("*McGraw II*")**

On May 22, 2020, Plaintiff filed the present action ("*McGraw II*") in this Court. *See generally*, Compl. Plaintiff contends that after Pacifica was served with the *McGraw I* lawsuit, Pacifica, "in attempt to retaliate against [Plaintiff], immediately began harassing [Plaintiff], making every effort to make [Plaintiff] unwelcome in his own apartment." *See id.* ¶ 46. On April 20, 2019,[3] Pacifica served Plaintiff with a sixty-day notice of eviction within 180 days after Plaintiff filed *McGraw I*. *See id.* ¶ 47. Within sixty days after Plaintiff received the eviction notice, Pacifica's property manager asked whether Plaintiff would be out of the apartment by the date set in the eviction notice. *See id.* ¶ 48. When Plaintiff informed the property manager that he would not be moving out, the property manager responded that it would be "war" if Plaintiff refused to move out. *Id.* ¶ 49. Pacifica then began falsely accusing Plaintiff of making late rent payments in an effort to find reason for eviction. *See id.* ¶ 51. Plaintiff maintains that he remained compliant on all financial obligations of the lease. *See id.* ¶ 52.

---

[3] The Complaint provides the date as April 20, 2020; however, according to Plaintiff, the correct date is April 20, 2019. *See* Doc. No. 27 at 7 n.1. The Court finds the typological error as nonfatal to Pacifica's motion. *See Moreno-Woods v. T-Mobile USA, Inc.*, No. 11-1314-RDR, 2012 WL 887602, at *2 n.1 (D. Kan. Mar. 14, 2012); *Lesley v. Spike TV division of MTV Networks, Inc.*, No. CV 04-2758 DT (PLAX), 2005 WL 8156246, at *1 n.1 (C.D. Cal. July 26, 2005).

Plaintiff began applying to different apartments and was eventually denied. *See id.* ¶ 56–57. On May 23, 2019,[4] Plaintiff discovered that Pacifica had been inaccurately reporting information to the credit bureaus. *See id.* ¶ 58. Pacifica reported that "[Plaintiff] was delinquent in the months of June through August of 2017; October 2017; June through December of 2018; and January and May of 2019." *See id.* ¶ 59. Plaintiff contends that his apartment applications were denied, at least in part, as a result of the erroneous information Pacifica reported on Plaintiff's credit report. *See id.* ¶ 58.

Accordingly, Plaintiff brings the following causes of action against Pacifica: (1) violation of the FCRA, (2) violation of the CCCRA, (3) financial abuse of a dependent adult, and (4) unlawful eviction and retaliation. *See id*. ¶¶ 84–110.

## II. LEGAL STANDARD

### A. Judicial Notice

Generally, a district court's review on a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

---

[4] The Complaint states May 23, 2020, but this appears to be incorrect because Plaintiff filed the complaint on May 22, 2020. Therefore, the Court infers Plaintiff intended the date to be May 23, 2019. This inference is further validated by Plaintiff's opposition brief. *See* Doc. No. 27 at 13 ("[T]he CCRA and FCRA claims arose in late May 2019 when [Plaintiff] learned that his credit report reflected erroneous tradelines pertaining to his lease."). The Court notes that whether the correct year is 2020 or 2019 has no bearing on the outcome of this motion. *See supra* note 3.

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)).

**B. Motion to Dismiss for Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—

...

documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee*, 250 F.3d at 688. "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996)).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. D<small>ISCUSSION</small>

**A. Judicial Notice**

To support its motion to dismiss and pursuant to Federal Rule of Evidence 201, Pacifica requests that the Court take judicial notice of "certain court records listed below and included as exhibits, from the San Diego Superior Court, Small Claims Central Division, on Case Number: 37-2018-00067983-SC-SC-CTL, previously filed by [Plaintiff] against Defendant." Doc. No. 23-2 at 1. Plaintiff does not appear to dispute Pacifica's request.

Accordingly, the Court **GRANTS** Pacifica's request and takes judicial notice of the court filings from 37-2018-00067983-SC-SC-CTL, including "Plaintiff's Claim and Order to go to Small Claims Court" (Doc. No. 23-2 at 4–8), "First Amended Plaintiff's Claim and Order to go to Small Claims Court" (Doc. No. 23-2 at 10–14), "Proof of Service" (Doc. No. 23-2 at 16–17), and "Notice of Entry of Judgment" (Doc. No. 23-2 at 19–20). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record); *Fontaine v. Bank of New York Mellon*, No. 17-cv-2424-MMA (JLB), 2018 WL 1524519, at *4 (S.D. Cal. Mar. 28, 2018) (same).

**B. Motion to Dismiss for Failure to State a Claim**

Defendant Pacifica argues that the action should be dismissed in its entirety because it is precluded by the doctrine of res judicata. *See* Doc. No. 23-1 at 4; *see also* Doc. No. 31 at 1–3. Specifically, Pacifica asserts that Plaintiff "is bound by the Small Claims Court's judgment and is precluded from bringing this subsequent litigation." Doc. No. 23-1 at 5; *see also* Doc. No. 31 at 3–4. Further, Pacifica avers "[t]his second lawsuit before this Court does not assert any new different claim, subsequent to the Small Claims judgment, that cannot be considered precluded or barred by it." Doc. No. 23-1 at 8. Plaintiff responds that res judicata does not preclude the causes of action brought in *McGraw II* for the following reasons: (1) Pacifica failed to establish the actions at issue in *McGraw II* arose before Plaintiff filed the initial complaint in *McGraw I*; (2) *McGraw II* involves multiple parties other than Pacifica; (3) the causes of action asserted in *McGraw II* and *McGraw I* are not the same; and (4) the Small Claims Court did not have jurisdiction over the new claims. *See* Doc. No. 27 at 11–20.

The doctrine of "'[r]es judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.,* 51 P.3d 297, 301 (Cal. 2002). In general, a final judgment in favor of the plaintiff merges the cause of action in the judgment. *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1390 (Cal. 1972) (citing *Edmonds v. Glenn-Colusa Irr. Dist.*, 19 P.2d 502, 506 (Cal. 1933)). "Merger[] precludes the maintenance of a second suit between the same parties on the same cause of action so long as the first suit concluded in a final judgment on the merits." *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 737 (9th Cir. 1984) (first citing *Agarwal v. Johnson*, 603 P.2d 58, 72 (Cal. 1979); and then citing *Slater v. Blackwood*, 543 P.2d 593, 594 (Cal. 1975)). Furthermore, "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." *Fed'n*

*of Hillside & Canyon Ass'n v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (citing *Busick*, 500 P.2d at 1392).

"Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (first citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 84 (1984); and then citing *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)).  Accordingly, "[w]e look to California law to determine the *res judicata* effect of a California judgment." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 323 (9th Cir. 1988).

Under California law, the doctrine of res judicata precludes a subsequent action if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding [involves] the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Fed'n of Hillside & Canyon Ass'n*, 24 Cal. Rptr. 3d at 557 (citing *Busick*, 500 P.2d at 1391).  "Unlike the federal courts, which apply a 'transactional nucleus of facts' test, 'California courts employ the "primary rights" theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Brodheim*, 584 F.3d at 1268 (quoting *Maldonado,* 370 F.3d at 952).

### 1. Whether the Decision in *McGraw I* was Final and on the Merits

Res judicata requires the prior judgment to be final and on the merits. *Mir v. Little co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988) (quoting *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985)).  The preclusive effect of a final judgment applies to final judgments made in small claims court. *See Allstate Ins. Co. v. Mel Rapton, Inc.,* 92 Cal. Rptr. 2d 151, 155 (Ct. App. 2000) (first citing *Hatch v. Bank of Am. N. T. & S. A.*, 5 Cal. Rptr. 875, 878 (Ct. App. 1960); and then citing *Perez v. City of San Bruno*, 616 P.2d 1287, 1291 (Cal. 1980)) ("[A] valid final judgment in favor of a plaintiff . . . precludes the plaintiff from maintaining any later suit on the same cause of action. This aspect of res judicata applies to judgments rendered by the small claims court.").

Here, the *McGraw I* court entered a judgment on October 11, 2019. *See* Doc. No. 23-2 at 19. The judgment was final because Pacifica's opportunity to appeal has passed. *See Fed'n of Hillside & Canyon Ass'n*, 24 Cal. Rptr. 3d at 558. Finally, neither party appears to argue that the judgment was not on the merits. Accordingly, *McGraw I* resulted in a final judgment on the merits.

### 2. Whether Plaintiff and Pacifica were Parties to *McGraw I*

Plaintiff argues that res judicata is inapplicable because the new lawsuit involves parties other than solely Pacifica. *See* Doc. No. 27 at 13–14. However, the doctrine of res judicata prevents relitigating the same cause of action "between the same parties or parties in privity with them." *Mycogen Corp.*, 51 P.3d at 301. Thus, the sole question under this element is whether Plaintiff and Pacifica were parties to the previous action. Here, both Plaintiff and Pacifica were parties to *McGraw I*. The addition of new parties to the present action does not change that fact, and Plaintiff cites no authority in support of his position.[5] Accordingly, Plaintiff and Pacifica were parties to *McGraw I* for the purpose of determining whether Plaintiff's current claims against Pacifica are barred.

### 3. Whether *McGraw II* Involves the Same Causes of Action at Issue in *McGraw I*

Plaintiff argues the causes of action asserted in *McGraw II* are not the same causes of action brought in *McGraw I*. *See* Doc. No. 27 at 11. Specifically, Plaintiff argues that the "first complaint was based on the landlord's failure to make repairs/habitability issues, and the new complaint alleges retaliation, elder abuse, and credit repair issues . . . ." *See id.* at 18. Pacifica contends that the current action concerns the same primary rights at issue in the small claims action. *See* Doc. No. 31 at 2.

---

[5] Additionally, Pacifica appears to be the only remaining active defendant in this action. Defendants Contemporary Information Corp. and Transunion, LLC have been dismissed. *See* Doc. Nos. 8, 19. Defendants Equifax, Inc. and Experian Information Solutions, Inc. have filed notices of settlement. *See* Doc. Nos. 22, 28.

"California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Brodheim*, 584 F.3d at 1268 (quoting *Maldonado,* 370 F.3d at 952). Under the primary rights theory, a plaintiff's "primary right is simply the plaintiff's right to be free from the particular injury." *Mycogen Corp.*, 51 P.3d at 306–307 (quoting *Crowley v. Katleman,* 881 P.2d 1083, 1090 (Cal. 1994)). The "determinative factor" in the primary rights analysis is the "harm suffered." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Brodheim*, 584 F.3d at 1268 (brackets omitted) (quoting *Eichman v. Fotomat Corp.,* 197 Cal. Rptr. 612, 614 (Ct. App. 1983)). Therefore, the judgment rendered in *McGraw I* precludes any cause of action in *McGraw II* that "seek[s] to vindicate the same primary right" at issue in *McGraw I*. *Mycogen Corp.,* 51 P.3d at 307.

### i. Plaintiff's FCRA and CCCRA Causes of Action

In *McGraw I*, Plaintiff alleged that Pacifica failed to repair Plaintiff's shower and wrongfully restricted Plaintiff's access to the premise. *See* Doc. No. 23-2 at 11. The corresponding injury or harm can be characterized as the deprivation of Plaintiff's right to access and possess the apartment in a safe and habitable condition. *See Thomas v. Shree Jalaram LLC*, No. 18-cv-06409-LB, 2019 WL 3503086, at *9 (N.D. Cal. Aug. 1, 2019) (finding that a claim based on living conditions in a hotel involve the primary right to possess the unit in safe and sanitary conditions). Additionally, Pacifica's wrong was the failure to provide Plaintiff access to the apartment and maintain Plaintiff's apartment in a safe and habitable condition.

In contrast, the FCRA and CCCRA claims in *McGraw II* involve a different injury to Plaintiff. Here, Plaintiff alleges that his credit score was harmed by Pacifica's failure to accurately report information to credit bureaus. *See* Compl. ¶¶ 74, 78–79. This injury can be fairly characterized as a deprivation of Plaintiff's right to be free from unlawful

credit reporting. *See Yan Sui v. 2176 Pac. Homeowners Ass'n*, No. SACV 11-1340 JAK (AJW), 2012 WL 6632758, at *7 (C.D. Cal. Aug. 30, 2012) (describing the plaintiff's primary right as the right to be free from unlawful credit reporting practices).

Thus, Plaintiff asserts a different primary right because the harm suffered by Plaintiff in *McGraw I* is different from the harm suffered here in *McGraw II*. Accordingly, the court finds that the FCRA and CCCRA actions are not barred by res judicata.

### ii. Plaintiff's Financial Abuse and Retaliatory Eviction Causes of Action

Here, Plaintiff alleges Pacifica "falsely accused Plaintiff of owing more moneys than he actually owed, demanded that Plaintiff immediately vacate[] his apartment despite his compliance on the lease, and continued to harass Plaintiff." Compl. ¶ 100. Similarly, in *McGraw I*, Plaintiff alleged illegal lockout and habitability issues. *See* Doc. No. 23-2 at 11. As in *McGraw I* where Plaintiff sought to recover punitive and other damages for illegal lockout, here in *McGraw II*, Plaintiff seeks punitive and other damages under both claims. *See* Compl. ¶¶ 103, 109; Doc. No. 23-2 at 11. Thus, both *McGraw I* and *McGraw II* assert the same injury, the deprivation of Plaintiff's right to access his apartment. *See United States ex rel. Hyatt v. Mirza,* No. 2:17-cv-2125 KJM-KJN, 2018 WL 6653319, at *5 (E.D. Cal. Dec. 19, 2018) (identifying the primary right at stake in a retaliatory eviction claim to be the plaintiff's right to her apartment). As such, the primary right at stake in *McGraw II* was at stake in *McGraw I*. Accordingly, all three elements of res judicata are satisfied with respect to Plaintiff's financial abuse and retaliatory eviction claims.

### 4. Whether the Doctrine of Res Judicata is Inapplicable Because of the Small Claims Court's Limited Jurisdiction

Plaintiff argues the doctrine of res judicata should not preclude the present action because the small claims court in *McGraw I* did not have jurisdiction over the claims alleged in *McGraw II*. *See* Doc. No. 27 at 19. Plaintiff supports this argument by relying on an Eastern District of Washington decision that applied Washington state law. *Id.*

(citing *Peterson v. Sanofi-Aventis U.S. Ltd. Liab. Co.*, No. CV-12-202-LRS, 2012 WL 2880883, at *6 (E.D. Wash. July 13, 2012)) ("This Court questions how plaintiffs could or should have brought the present action in Small Claims Court when defendant itself asserts that the amount plaintiff now seeks to recover far exceeds the Small Claims Court's [damages] limit.").

Plaintiff's reliance on *Peterson* is misguided for at least two reasons. First, unlike the matter here, which requires the application of California state law, *Peterson* applied Washington state law. *See id.* at *2, 5; *see also Robi*, 838 F.2d at 323 ("We look to California law to determine the res judicata effect of a California judgment."). Second, and most importantly, the court in *Peterson* found that the causes of action asserted in the small claims action were not the same as those asserted in the federal court action. *See Peterson*, 2012 WL 2880883, at *5. Furthermore, as Pacifica notes, other courts applying California law have rejected similar arguments. *See, e.g.*, *United States ex rel. Hyatt*, 2018 WL 6653319, at *5 (rejecting plaintiff's argument that res judicata should not apply when jurisdictional limits on small claims prevented plaintiff from seeking punitive damages); *see also Taylor v. Grannis*, No. C 07-6380 MHP PR, 2010 WL 4392578, at *4 (N.D. Cal. Oct. 29, 2010) (finding that a civil rights action was barred by previous state habeas actions and that the unavailability of damages in the state action "does not matter."). Accordingly, the Court rejects Plaintiff's argument that res judicata should not apply due to Plaintiff's voluntary decision to bring *McGraw I* in the limited jurisdiction of small claims court.

### 5. Whether the Doctrine of Res Judicata is Inapplicable Because the Events Giving Rise to the Financial Abuse and Retaliatory Eviction Claims Occurred After the Filing of the Original Complaint in *McGraw I*

Plaintiff further contends that the application of res judicata to the present case is improper because "[r]es judicata is not a bar to claims that arise after the initial complaint is filed." Doc. No. 27 at 11 (quoting *Allied Fire Protection v. Diede Construction, Inc.*, 25 Cal. Rptr. 3d 195, 199 (Ct. App. 2005)); *see also Los Angeles Branch NAACP*, 750

F.2d at 739 n.9 ("We decline to impose a potentially unworkable requirement that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost."). In response, Pacifica points to authority stating, "the doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed." *Monterey Plaza Hotel Ltd. Pshp. v. Local 483 of the Hotel Emples. Union*, 215 F.3d 923, 928 (9th Cir. 2000) (citing *Eichman,* 197 Cal. Rptr. at 615). The Court does not need to decide which rule is correct because Plaintiff's argument fails under either rule.

    Plaintiff's reliance on *Allied Fire Protection* and *Los Angeles Branch NAACP* is unavailing for several reasons. First, unlike this action, which must consider the preclusive effect of a California state court judgment, the court in *Allied Fire Protection* considered the preclusive effect of a prior federal court decision. *See* 25 Cal. Rptr. 3d at 197. Second, in *Los Angeles Branch NAACP*, the court explained, "[t]he rule that a judgment is conclusive as to every matter that might have been litigated 'does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated.'" *Los Angeles Branch NAACP*, 750 F.2d at 739 (quoting *Kettelle v. Kettelle,* 294 P. 453, 454 (Cal. 1930)). However, the exception to this rule is that "[p]laintiffs may bring events occurring after the filing of the complaint into the scope of the litigation by filing a supplemental complaint . . . ." *Id.* The facts of *Los Angeles Branch NAACP* fell under that exception because the plaintiffs did file a supplemental pleading; the court found that res judicata barred only the acts occurring prior to the close of trial. *See id.* at 740–41.

    Here, the facts also fall under the exception. Plaintiff brought his primary right to access his apartment into the scope of litigation in *McGraw I* by filing an amended complaint, and the court entered judgment on the matter in Plaintiff's favor. According to the complaint here in *McGraw II*, the conduct giving rise to the financial abuse and unlawful eviction and retaliation claims arose after Plaintiff filed the initial complaint in *McGraw I* but before Plaintiff filed the FAC in *McGraw I*. *Compare* Compl. ¶¶ 47–49

1  (alleging that Pacifica served Plaintiff with a sixty-day notice of eviction on April 20,
2  2019), *with* Doc. No. 23-2 at 11 (alleging that Pacifica locked Plaintiff out of the property
3  twice sometime between August 14, 2015 and July 2019).  Plaintiff's FAC in *McGraw I*
4  sought recovery for "illegal lockout."  *See* Doc. No. 23-2 at 11.  As previously discussed,
5  the primary right associated with an illegal lockout is the same primary right at issue in
6  the financial abuse and eviction and retaliation claims of *McGraw II*: Plaintiff's right to
7  access his apartment.  *See supra* Section III.B.3.ii.  Thus, by seeking recovery on the
8  basis that Pacifica deprived Plaintiff of his primary right to access his apartment in
9  *McGraw I* in the FAC, Plaintiff brought Pacifica's conduct of depriving Plaintiff of his
10 right to access his apartment into the scope of litigation in *McGraw I*.  Accordingly, the
11 rule stated in *Los Angeles Branch NAACP* does not prevent the application of res judicata
12 to Plaintiff's claims of financial abuse and retaliatory eviction.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant Pacifica's motion to dismiss.  The Court **GRANTS** Pacifica's motion and **DISMISSES** Plaintiff's financial abuse of a dependent adult and eviction and retaliation claims **without leave to amend**.  The Court **DENIES** Pacifica's motion to dismiss Plaintiff's FCRA and CCCRA claims.

**IT IS SO ORDERED**.

Dated: October 23, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge