**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Randall Scott McGraw

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT MCGRAW, <br><br> Plaintiff, <br><br> v. <br><br> PACIFICA ASHWOOD LLC;; TRANSUNION, LLC.; CONTEMPORARY INFORMATION CORP.; AND YARDI SYSTEMS, INC. <br><br> Defendants. | Case No.: 20-CV-954-MMA (KSC) <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> (1) **Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.*; <br> (2) **California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1** *et seq.*; <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

## INTRODUCTION

1. Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Similarly, the California legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the Consumer Credit Reporting Agencies Act Cal. Civ. Code §1785.1 *et seq*. ("CCCRAA"), to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Randall Scott McGraw ("Mr. McGraw" or "Plaintiff"), through his attorneys, brings this action against Pacifica Ashwood LLC ("Pacifica") and Yardi Systems, Inc. ("Yardi") (collectively, "Defendants") for violations of: (i) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"); and (ii) the California Consumer Credit Reporting Agencies Act, Cal Civ. Code § 1785.1 *et seq*. ("CCCRAA").

4. Further, Mr. McGraw brings this action to challenge Defendants' inept handling of Mr. McGraw's claims of inaccurate credit reporting.

5. Mr. McGraw makes these allegations on information and belief, with the exception of those allegations that pertain to a Mr. McGraw, or to Mr. McGraw's counsel, which Mr. McGraw alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of each Defendant.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.; and (ii) the California Consumer Credit Reporting Agencies Act, Cal Civ. Code § 1785.1 *et seq*. ("CCCRAA").

12. Because each Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Mr. McGraw resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

///

## PARTIES AND DEFINITIONS

14. Mr. McGraw is a natural person as that term is defined in 15 U.S.C. § 1681a and Cal. Civ. Code § 1785.3(j).

15. In addition, Mr. McGraw is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

16. Pacifica is a Limited Liability Company offering property management services in the State of California for Ashwood Apartment complex in Lakeside.

17. Pacifica is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), which regularly in the course of business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer.

18. Pacifica is a furnisher of information as contemplated by CCCRAA that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Yardi is a corporation which provides software for real estate companies as well as property management companies, and it is headquartered in Santa Barbara, CA and regularly conducts business in the State of California.

20. Yardi is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), which regularly in the course of business furnishes information to one or more CRAs about consumer transactions or experiences with any consumer.

21. Defendant Yardi is a furnisher of information as contemplated by CCCRAA that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22. Based upon information and belief, Yardi, on behalf of Pacifica furnished the information regarding the account at issue to the credit bureaus.

23. The causes of action herein also pertain to Plaintiff's "consumer report" as that term is defined by 15 U.S.C. §1681a(d)(1), in that inaccurate representations of Mr. McGraw's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Mr. McGraw's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

24. Plaintiff's causes of action also pertains to a "consumer credit report," as that term is defined by Cal. Civ. Code § 1785.3(c), because Defendants made inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

25. Mr. McGraw is fifty-six-year-old dependent adult.

26. Since on or about August 14, 2015, Mr. McGraw has been a tenant residing in an apartment complex owned by Pacifica.

27. After moving into an apartment owned by Pacifica, Mr. McGraw noticed his shower temperature would fluctuate wildly, causing aggravation of Mr. McGraw's nerve damage, and making it extremely difficult and painful to take daily showers.

28. Mr. McGraw made Pacifica aware of this issue promptly, however Defendant Pacifica refused to fix Mr. McGraw's shower for a prolonged period of time.

29. Even after Mr. McGraw notified Pacifica that this issue is causing Mr. McGraw pain when he showers, Pacifica repeatedly refused Mr. McGraw's pleas to

repair the shower system.

30. Pacifica failed to fix the issue relating the shower that Mr. McGraw repeatedly requested it to fix, until December 2018.

31. At some point Pacifica had an issue with the tenants' water boiler system, in order to fix it, the water was shut off. Multiple tenants were required to take a shower in a common shower room, which made multiple tenants uncomfortable.

32. As a result, Mr. McGraw was unable to shower for two weeks.

33. On several occasions, despite Mr. McGraw's prompt payments, Pacifica posted late notices on his door, once placing a late notice on Mr. McGraw's neighbor's door causing Mr. McGraw great shame and embarrassment.

34. On or about December 31, 2018, Mr. McGraw, feeling frustrated from Pacifica's failure to promptly conduct repairs or at least offer a rent reduction due to its failure to conduct repairs, filed a small claims case in state superior court in the County of San Diego.

35. Despite Mr. McGraw's strong belief that he was entitled to damages, and despite the fact he was unhappy with Pacifica's repeated failure to address multiple issues during his tenancy, he always continued to remain current on his rent payments to Pacifica.

36. After being served with the lawsuit, and in attempt to retaliate against Mr. McGraw, Pacifica immediately began harassing Mr. McGraw, making every effort to make Mr. McGraw unwelcome in his own apartment.

37. On April 20, 2019, within 180 days of Mr. McGraw filing his small claims suit, Pacifica began threatening and harassing Mr. McGraw, ultimately serving Mr. McGraw with a sixty-day notice of eviction and threatening to bring an eviction action against Mr. McGraw.

38. Sometime within the sixty-days following the posting of the eviction notice, Pacifica's apartment manager walked up to Mr. McGraw's front door and asked

whether he would be "out" by the end of the sixty-day notice period, informing Mr. McGraw that Pacifica had a family ready to move in. Pacifica had continued to cash rent checks furnished by Mr. McGraw during this time.

39. When Mr. McGraw informed the apartment manager he would not move out, stating correctly that he believed Pacifica had no legal right to evict him, Pacifica's apartment manager grew angry, threatening Mr. McGraw that "it's going to be war" if he refused to move out.

40. Mr. McGraw was distressed and upset. It compounded his stress that the encounter had occurred in the presence of Mr. McGraw's daughter and grandchild.

41. In an effort to find a reason for eviction, Pacifica falsely claimed Mr. McGraw had paid rent late in violation of the lease agreement.

42. In fact, at all times, Mr. McGraw remained compliant under all obligations of his lease agreement with Pacifica and remained current on his financial obligations on the lease.

43. This retaliatory action of the false, meritless, and harassing notice of eviction understandably caused Mr. McGraw to experience substantial mental anguish, stress, and embarrassment.

44. Mr. McGraw no longer felt welcome in his own apartment and apartment complex. And he feared that Pacifica will initiate the threatened baseless eviction action, which Mr. McGraw could not defend due to his already strenuous financial situation.

45. However, Mr. McGraw disputed with Pacifica that he made any payments late.

46. As a result of Pacifica's eviction notice, Mr. McGraw began applying for other apartment rentals.

47. Despite being current on all his financial obligations and disputing Pacifica's false accusations related to late payments, Mr. McGraw was denied in his applications to rent other apartment units.

48. On May 23, 2020, Mr. McGraw was even more shocked to learn that the denial was based in part on the erroneous derogatory information Pacifica and Yardi reported on Mr. McGraw's credit report.
49. Instead of reflecting Mr. McGraw's prompt and timely payments between 2017 through 2019, Pacifica through Yardi reported to all credit bureaus that Mr. McGraw was delinquent in the months of June through August of 2017; October 2017; June through December of 2018; and January and May of 2019.
50. This information was also reported to TransUnion, Experian, and Equifax.
51. Since Yardi also had information regarding McGraw's timely payments and processed the payments from tenants, Yardi was aware of McGraw's timely payments in the past, and yet continued to furnish false information to the bureaus.
52. CIC's report falsely reflected 13 late payments by Mr. McGraw to Pacifica from June 2017- May 2019.
53. Yardi, which Pacifica uses as a software provider, also directly falsely reported a number of payments by Mr. McGraw to CRAs, and these payments continued to show that Mr. McGraw was delinquent until late 2020.
54. Mr. McGraw immediately contacted Pacifica to obtain an explanation and dispute erroneous reporting.
55. Based upon information and belief, Pacifica corresponded with Yardi regarding Plaintiff's dispute.
56. Pacifica provided Mr. McGraw with an account statement that falsely showed that Mr. McGraw had 19 late payments relating to the apartment.
57. After reviewing his payment history, Mr. McGraw disputed these late payments with Pacifica and provided his entire payment history of all checks that were sent and cashed by Pacifica depicting timely dates of payments.
58. Mr. McGraw was not aware that Pacifica furnished the information about the payments through Yardi, and believes that Pacifica notified Yardi of the

disputes from Mr. McGraw.

59. On May 24, 2019, Pacifica, after review of all of the payments that Mr. McGraw was able to obtain, acknowledged that it made an error in stating that Mr. McGraw may have been late only twice because "he left the pay to the order of blank."

60. Pacifica presented Mr. McGraw with a letter admitting its error, encouraging him to show the letter to any potential landlord to clear up his rental history.

61. Despite knowing that Pacifica and Yardi falsely reported the payment history for Mr. McGraw to credit bureaus, Pacifica and Yardi failed to take any action to correct the reportings.

62. In fact, Mr. McGraw demanded that Defendants notify the Credit Bureaus regarding its false reporting, but Pacifica's representatives and agents (including Yardi) failed to do so.

63. On June 3, 2019, Mr. McGraw sent, via certified mail, disputes to Equifax, Experian, and Transunion, and requested these entities investigate the false reporting and correct the errors.

64. After Mr. McGraw's disputes, Mr. McGraw obtained another credit report on July 22, 2019 from Experian which continued to report the errors.

65. Mr. McGraw ultimately received judgement in his favor in the small claims court case against Pacifica on October 11, 2019, evidencing the merit of Mr. McGraw's small claims action, and Pacifica was ordered to pay for the needed repairs.

66. To date, Defendants have refused to conduct a reasonable investigation of the inaccurate reporting by them and failed to correct Mr. McGraw's rental payment history or correct their inaccurate credit reporting.

67. Despite the overwhelming evidence Mr. McGraw provided to Defendants demonstrating the late payment history was fraudulent and/or incorrectly reported, Defendants have not corrected the reports.

68. Furthermore, both Defendants are aware of Mr. McGraw's timely payments and maintain a record of payments and knew and/or should have known that these payments were timely.

69. Accordingly, through this conduct, Pacifica and Yardi violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that they knew or should have known was inaccurate.

70. Similarly, the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A), prohibits a person from furnishing information relating to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate, and therefore all Defendants violated these provisions of the FCRA.

71. Pacifica's and Yardi's initial failures to investigate and correct the previously disclosed inaccuracies on Mr. McGraw's credit and rent bureau reports were intentional and in reckless disregard of their duties to refrain from reporting inaccurate information. Accordingly, Pacifica and Yardi willfully and negligently failed to comply with each of their respective duties to reasonably investigate Mr. McGraw's claims of inaccurate reports in violation of Cal. Civ. Code § 1785.25.

72. Similarly, Defendants willfully and negligently failed to comply with each of their respective duties to reasonably investigate Mr. McGraw's claims of inaccurate reports, in violation of 15 U.S.C § 1681i(a)(1).

73. Defendants' inaccurate and negative reporting damaged Mr. McGraw's creditworthiness. Further, Mr. McGraw was denied applications to let apartments elsewhere in part due to the inaccurately reported rental history.

74. These inaccurate reports have affected Mr. McGraw negatively due to the reporting of delinquencies and has negatively impacted Mr. McGraw's credit score. Moreover, Defendants have also failed to furnish to any credit reporting agency that the late payments on the apartment at issue were reported inaccurately.

75. In addition, Defendants continued reporting on Mr. McGraw's credit reports and rent bureau reports after Pacifica failed to conduct a reasonable investigation into Mr. McGraw's claims of inaccurate reporting in violation of Cal. Civ. Code § 1785.25(a).

76. Similarly, Defendants continued reporting on Mr. McGraw's credit reports and rent bureau reports after failing to conduct a reasonable investigation into Mr. McGraw's claims of inaccurate reporting in violation of 15 U.S.C. § 1681s-2(b)(1)(A).

77. The repeated and persistent violations described herein have caused Mr. McGraw unnecessary stress and anxiety.

78. As a direct and proximate result of all Defendants' willful action and inaction, Mr. McGraw has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish, and spending countless hours attempting to correct Defendants' inaccurate and derogatory information, without success.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

### 15 U.S.C. § 1681 ET SEQ.

### [AGAINST PACIFICA AND YARDI]

79. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the Fair Credit Reporting Act.

81. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and consumers, so as to provide information to a consumer's credit

worthiness, credit standing, and credit capacity.

82. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant individually.

83. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from each Defendant individually.

84. As a disabled individual, Plaintiff demands treble damages pursuant to Cal. Civ. Code § 3345.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCCRAA")
## CAL. CIV. CODE § 1785.1 ET SEQ.
## [AGAINST PACIFICA & YARDI]

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

87. In the regular course of their business operations, Pacifica and Yardi routinely furnish information to credit reporting agencies pertaining to transactions between them and consumers, so as to provide information on a consumer's credit worthiness, credit standing, and credit capacity.

88. Because Pacifica and Yardi are each a partnership, corporation, association, or other entity, each is therefore each a "person" as that term is defined by Cal.

Civ. Code § 1785.3(j), Pacifica and Yardi are and were always obligated not to furnish false, inaccurate, or incomplete information on a specific transaction or experience to any consumer credit reporting agency if the persons know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Because Pacifica and Yardi knew that the reporting was false, and failed to report accurate information, or correct it upon dispute, Pacifica and Yardi's reporting was intentional.

89. As a disabled individual, Plaintiff demands treble damages pursuant to Cal. Civ. Code § 3345.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

### COUNT I
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.*

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(1);
- Treble damages pursuant to Cal. Civ. Code § 3345;
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

///
///
///
///

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCCRAA")

## CAL. CIV. CODE § 1785.1 *ET SEQ.*

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A);
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Treble damages pursuant to Cal. Civ. Code §3345; and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

90. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: December 9, 2020         **KAZEROUNI LAW GROUP, APC**

By: *s/ Yana A. Hart*
YANA A. HART, ESQ.
yana@kazlg.com
*Attorneys for Plaintiff*