1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10
11   RANDALL SCOTT McGRAW,                    Case No.:  3:20-cv-00954-MMA-KSC
12                            Plaintiff,      **PROTECTIVE ORDER**
13   v.
14   PACIFICA ASHWOOD LLC, et al.,
15
16                            Defendants.
17
18         As stipulated by and between Plaintiff RANDALL SCOTT MCGRAW, and
19   Defendants YARDI SYSTEMS INC. and Pacifica Ashwood LLC, through their respective
20   attorneys of record, and for good cause appearing, the Court hereby **ORDERS** as follows:
21         1.    This Order shall govern the use, handling and disclosure of all documents,
22   testimony or information produced or given in this action that are designated to be subject
23   to this order in accordance with the terms hereof.
24         2.    Any party or non-party producing or filing documents or other materials in
25   this action ("Producing Party") may designate such materials and the information contained
26   therein subject to this Order by typing or stamping on the front of the document, or on
27   portion(s) of the document for which confidential treatment is desired, "Confidential" if a
28   party has a reasonable and good faith belief the material contains a trade secret or other

1

1   such confidential research, development or commercial information, personal identifying

2   information or financial information, information otherwise generally unavailable to the

3   public, or which may be privileged or otherwise protected from disclosure under state or

4   federal statutes, court rules, case decisions, or common law.  In any dispute over the

5   designation of materials as confidential, the Producing Party shall have the burden of

6   proving that the materials are confidential as described in paragraph 4, below.

7          3.     If a Producing Party has a reasonable and good faith belief that the Producing

8   Party will suffer substantial and identifiable harm if particular documents it designates as

9   "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing

10  Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

11  In any dispute over the designation of materials as confidential, the Producing Party shall

12  have the burden of proving that the materials constitute a trade secret or other confidential

13  research, development, or commercial information, or contains personal financial

14  information protected by law.

15         4.     In the event that any party to this litigation disagrees at any point in these

16  proceedings with any designation made under this Protective Order, the parties shall first

17  try to resolve such dispute in good faith on an informal basis.  The parties shall meet and

18  confer on disagreements regarding any designation made under this Protective Order

19  within seven (7) days of the objecting party providing notice of the disagreement to the

20  designating party, unless the parties agree otherwise.  If the dispute cannot be resolved,

21  then the Producing Party shall submit a motion to the court within twenty-one (21) days of

22  such objection, or the material will not be subject to this Order. If a motion is timely filed

23  by the Producing Party, the designated document or information shall continue to be treated

24  as "Confidential" or "Confidential—Attorneys' Eyes Only," subject to the provisions of

25  this Protective Order.

26         5.     With respect to any depositions that involve disclosure of "Confidential" or

27  "Confidential-Attorneys' Eyes Only" material of a party to this action, the party asserting

28  confidentiality may identify on the record the testimony of the deponent or any exhibits to

the testimony that are to be treated as "Confidential" or "Confidential-Attorneys' Eyes Only." Failure of a party to designate testimony or exhibits as "Confidential" or "Confidential-Attorneys' Eyes Only" at deposition shall not constitute a waiver of the confidentiality of the testimony or exhibits, so long as designation is made within thirty (30) calendar days after receipt of the transcript by the designating party. After a party's designation, only the designated portions of the transcript and/or exhibits shall be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Protective Order.

6.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information  designated "Confidential" or "Confidential—Attorney's Eyes Only" hereunder) shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

7.     Except with the prior written consent of the individual or entity designating a document or portion of a document as "Confidential," or pursuant to prior Order after notice any document, transcript, or pleading given  "Confidential" treatment under this Order, and any information contained in, or derived from, any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

        a.     The Court and its personnel;

        b.     Parties to this litigation;

        c.     Counsel for the respective parties to this litigation, whether retained outside counsel or in-house counsel and clerks, paralegals, secretaries or other employees of counsel;

///

1    d.    Persons deposed in connection with this action, experts consulted in
2  connection with this action, or witnesses who will testify in connection with this action
3  about such information, and who have signed the "Declaration of Compliance" (Exhibit
4  A), so long as counsel believes, in good faith, that such persons, experts, and witnesses
5  have a need to know or testify about such information;

6    e.    Present or former employees of the Producing Party in connection with
7  their deposition in this action; and

8    f.    Experts specially retained as consultants or expert witnesses in
9  connection with this litigation, so long as such Expert has signed the Declaration of
10 Compliance, ("Exhibit A.").

11    8.    Except with prior written consent of the individual or entity designating a
12 document or portions of a document as "Confidential—Attorney's Eyes Only," or pursuant
13 to prior Order after notice, any document, transcript, or pleading given "Confidential—
14 Attorney's Eyes Only" treatment under this Order, and any information contained in, or
15 derived from any such materials (including but not limited to, all deposition testimony that
16 refers to, reflects, or otherwise discusses any information designated "Confidential—
17 Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this
18 Order and may not be disclosed to any person other than:

19    a.    The Court and its personnel;

20    b.    Counsel for the respective parties to this litigation, including outside
21 counsel, as well as employees of said outside counsel to whom it is reasonably necessary
22 to disclose the information for this litigation and who have signed the "Declaration of
23 Compliance" (Exhibit A);

24    c.    Persons deposed in connection with this action, experts consulted in
25 connection with this action, or witnesses who will testify in connection with this action
26 about such information, and who have signed the "Declaration of Compliance" (Exhibit
27 A), so long as counsel believes, in good faith, that such persons, experts, and witnesses
28 have a need to know or testify about such information;

d.      Present or former employees of the Producing Party in connection with their deposition in this action who have signed the Declaration of Compliance ("Exhibit A");

e.      Experts specifically retained as consultants or expert witnesses in conjunction with this litigation who have signed the "Declaration of Compliance, (Exhibit A); and

f.      The author of the document or the original source of the information.

9.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(d) and (f) or 8(c)-(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

10.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed pursuant to paragraphs 7 or 8, are hereby enjoined from disclosing the same to any person except as provided herein, and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named parties thereto; and shall not disseminate or disclose them to any person other than those described above in Paragraphs 7 and 8 for the purpose specified, and in no event shall such person make any other use of such document or transcript.

12.     Nothing set forth in this Order prohibits for use at deposition, mediation, hearing, subject to Provisions 7 through 9, above, or at trial, any information or materials designated "Confidential" or "Confidential—Attorneys Eyes Only."  This Order has been agreed to by the parties to facilitate discovery and the production of information in this action.  Neither the entry of this Order nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorney's Eyes Only" nor the failure to make such a designation, shall constitute evidence with respect to any issue in this action.

13.     At any time after the final termination of this litigation, upon written notice by the Producing Party, all documents, transcripts, or other materials afforded confidential

1    treatment pursuant to this Order, including any extracts, summaries, or compilations taken
2    therefrom, but excluding any materials which in the good faith judgment of counsel are
3    work product materials, shall be either returned to the Producing Party or counsel for the
4    receiving party shall certify in writing upon request, as to the destruction of all non-work
5    product materials that have been afforded confidential treatment.

6        14.    Nothing herein shall affect or restrict the rights of any party with respect to its
7    own documents or to the information obtained or developed independently of documents,
8    transcripts, and materials afforded confidential treatment pursuant to this Order.

9        15.    Each Party or Non-Party that designates information or items for protection
10   under this Order must take care to limit any such designation to specific material that
11   qualifies under the appropriate standards.  If it comes to a Designating Party's attention
12   that information or items that it designated for protection do not qualify for protection, the
13   Designating Party must promptly notify all other Parties that it is withdrawing the
14   inapplicable designation.

15       16. To the extent any motions, briefs, pleadings, deposition transcripts, or other
16   papers filed or to be filed with the Court incorporate documents or information subject to
17   this Order, the party filing such papers shall designate such materials, or portions thereof,
18   as "Confidential" or "Confidential—Attorneys' Eyes Only" and shall comply with all
19   applicable Local Rules, including the requirements for filing documents under seal in civil
20   cases in the Southern District of California.  Nothing shall be filed under seal, and the Court
21   shall not be required to take any action, without separate prior order by the Judge before
22   whom the hearing or proceeding will take place, after application by the affected party with
23   appropriate notice to opposing counsel.  The parties shall follow and abide by applicable
24   law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j,
25   and the chambers' rules, with respect to filing documents under seal.
26   ///
27   ///
28   ///

3:20-cv-00954-MMA-KSC

1        17.    The Court retains the right to allow disclosure of any subject covered by this

2    stipulation or to modify this stipulation at any time in the interests of justice or for public

3    policy reasons.

4        **IT IS SO ORDERED.**

5    Dated:  March 5, 2021

6

7                         Hon. Karen S. Crawford
                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:20-cv-00954-MMA-KSC

1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RANDALL SCOTT McGRAW, | Case No.: 3:20-CV-00954-MMA-KSC |
| 12                    Plaintiff, | **DECLARATION OF COMPLIANCE** |
| 13  v. | |
| 14  PACIFICA ASHWOOD LLC, et al., | |
| 15                    Defendants. | |
| 16 | |

17

18     I, _____, hereby declare that I have received,

19  reviewed, and understand the Protective Order entered in the above-captioned case, and

20  that I agree to comply with the same.

21     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of

22  the United States of America that the foregoing is true and correct.

23

24  Executed on:_____  By:_____

25

26

27

28